T.C. Memo. 1999-178


UNITED STATES TAX COURT


TIMOTHY AND DEBORAH PROVOST, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5772-98.                        Filed May 28, 1999.


Timothy Provost, pro se.

<u>Caroline Ades-Pierri</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  By notices dated December 31, 1997, respondent determined the following deficiencies, additions to tax, and penalty, relating to petitioners' Federal income taxes:

| Year | Deficiency | Additions to Tax Sec. 6651(a)(1) | Sec. 6654 | Penalty Sec. 6662 |
|------|-----------|-------------|-----------|-----------|
| 1989 | $45,048 | $9,010 | -- | $11,143 |
| 1990 | 40,128 | 10,032 | $2,642 | -- |
| 1991 | 23,336 | 4,445 | 1,207 | -- |
| 1992 | 35,613 | 8,361 | 1,448 | -- |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Petitioners, husband and wife, resided in Perrineville, New Jersey, at the time their petition was filed. In 1985, Mr. Provost and two other investors formed Sandew Homes, Inc. (Sandew), an S corporation. Mr. Provost guaranteed several mortgage loans relating to properties owned by Sandew. On their 1989 return, petitioners deducted a $159,565 ordinary loss, a $58,863 net operating loss carryforward from 1988, and $29,086 of mortgage interest payments, relating to Sandew. Petitioners filed their 1989 return on April 7, 1994.

On July 12, 1993, petitioners filed a petition in the U.S. Bankruptcy Court for the District of New Jersey under chapter 11 of the U.S. Bankruptcy Code. Petitioners' bankruptcy action was converted from a chapter 11 to a chapter 7 case on July 11, 1994. On April 14, 1997, petitioners were discharged from bankruptcy.

On December 31, 1997, respondent mailed notices of deficiency to petitioners relating to tax years 1989, 1990, and 1991. Petitioners filed their 1990 and 1991 tax returns on April 14, 1998. During 1990, petitioners sold BHC Securities, Inc. stock but did not report the sale on their 1990 return. During 1991, petitioners sold Bear Stearns Colonial State Bank stock. On their 1991 return, petitioners reported a $5,505 capital loss relating to this sale.

## OPINION

Petitioners contend that, pursuant to section 6503(h), assessment of their 1989 tax is barred by the expiration of the period of limitation. Petitioners' contention is meritless. Petitioners filed their bankruptcy petition on July 12, 1993, filed their 1989 return on April 7, 1994, and were discharged from bankruptcy on April 14, 1997. Thus, pursuant to section 6501, the period of limitation for issuing a notice of deficiency relating to petitioners' 1989 tax would not expire until June 2000 (i.e., 60 days after petitioners' discharge from bankruptcy plus the 3-year limitation period on assessment). See secs. 6501(a), 6503(h); 11 U.S.C. sec. 362(a), (c)(2) (1994). Respondent issued the 1989 notice of deficiency on December 31, 1997. Accordingly, assessment of petitioners' 1989 tax was not barred by the expiration of the period of limitation.

Respondent determined that petitioners: (1) Were not entitled to deductions for a $159,565 ordinary loss and a $58,863 net operating loss carryforward, relating to 1989; (2) failed to report $2,302 and $4,495 of capital gain income relating to stock sales in 1990 and 1991, respectively; (3) failed to file timely returns relating to 1989, 1990, and 1991 and are liable for section 6651 additions to tax; (4) failed to pay estimated income tax relating to 1990 and 1991 and are liable for section 6654 additions to tax; and (5) were negligent in determining their 1989 tax liability and are liable for a section 6662 penalty. Petitioners bear the burden of proof, yet have failed to present sufficient credible evidence to establish that respondent's determinations are incorrect. See Welch v. Helvering, 290 U.S. 111, 115 (1933). Accordingly, we sustain respondent's determinations.

Respondent also determined that petitioners, in 1989, were not entitled to deduct $29,086 of mortgage interest relating to properties owned by Sandew. Petitioners contend that Sandew was bankrupt, and, as guarantors of Sandew's loans, petitioners were obligated to pay Sandew's interest expenses and, therefore, entitled to a deduction pursuant to section 163. Generally, a guarantor is not entitled to an interest expense deduction with respect to payments made in fulfillment of a mere guaranty obligation. See Hynes v. Commissioner, 74 T.C. 1266, 1287-1288

(1980). The Court of Appeals for the Third Circuit, however, has held that if, at the time the interest is paid, the taxpayer has a fixed, noncontingent, legal obligation to pay the interest and reimbursement is barred by bankruptcy, the taxpayer is entitled to an interest expense deduction. See Stratmore v. Commissioner, 785 F.2d 419, 423 (3d Cir. 1986), revg. T.C. Memo. 1984-547. Under Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), we are obligated to follow the law as stated by the Court of Appeals in the circuit to which this case is appealable. Petitioners have failed, however, to establish that, at the time the interest was paid, they had a primary legal obligation to pay the interest. In addition, they have failed to establish that Sandew was bankrupt and that reimbursement of the interest payments was barred by Sandew's bankruptcy. Accordingly, we sustain respondent's determination.

Contentions we have not addressed are irrelevant, moot or meritless.

To reflect the foregoing and concessions by the parties,

Decision will be entered under Rule 155.